No. 16-35471

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

---

### OMNIGEN RESEARCH, LLC AND PRINCE AGRI PRODUCTS, INC.,

Plaintiffs-Appellees,

v.

### YONGQIANG WANG, YAN ZHENG AND BIOSHEN,

Defendants-Appellants.

---

On Appeal from the United States District Court for the District of Oregon
Case No. 6:16-cv-268-MC
United States District Judge Michael J. McShane Presiding

---

### APPELLEES' RESPONSE TO OPENING BRIEF

Klaus H. Hamm
Scott E. Davis
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon St., Ste. 1600
Portland, Oregon 97204
(503) 595-5300
klaus.hamm@klarquist.com
scott.davis@klarquist.com

*Attorneys for Plaintiffs-Appellees*
OmniGen Research, LLC and
Prince Agri Products, Inc.

## CORPORATE DISCLOSURE STATEMENT

OmniGen Research, LLC is an Oregon limited liability company with its principal place of business located at Glenpointe Ctr. East, 3rd Floor, 300 Frank W. Burr Blvd., Ste. 21, Teaneck, New Jersey 07666. OmniGen Research is a wholly owned subsidiary of Prince Agri Products, Inc.

Prince Agri Products, Inc. is a Delaware corporation with its principal place of business located at Glenpointe Ctr. East, 3rd Floor, 300 Frank W. Burr Blvd., Ste. 21, Teaneck, New Jersey 07666. Prince Agri is a wholly owned subsidiary of Phibro Animal Health Corporation, which is publicly held. No publicly held corporation owns 10% or more of Phibro Animal Health Corporation's stock.

# TABLE OF CONTENTS

Page

I.     INTRODUCTION ..................................................................1

II.    STATEMENT OF JURISDICTION ....................................2

III.   STATEMENT OF THE ISSUES ......................................3

IV.    PERTINENT RULES ..........................................................4

V.     STATEMENT OF THE CASE ...........................................4

    A.    Defendants' Misconduct Prior To This Litigation ...............4

    B.    Plaintiffs' Motion For Preliminary
       Injunction, Defendants' Response, And The
       District Court's Order Granting The Injunction ...................5

VI.    SUMMARY OF ARGUMENT ...........................................8

VII.   ARGUMENT .....................................................................10

    A.    The Appeal Should Be Summarily
       Dismissed Because Defendants Waived
       Most Arguments And Never Cite The Record ....................10

         1.   Defendants Waived Most Arguments Because They Should
            Have Raised Them When The Motion Was Pending ..............10

         2.   Defendants Never Cite The
            Excerpts Of Record In Their Brief ...........................................14

    B.    The Arguments That Defendants Did Not Waive Lack Merit ............16

         1.   Defendants Were Not Entitled To An Evidentiary Hearing .....16

         2.   The Court Did Not Abuse Its Discretion By
            Denying Defendants' Last-Minute Request For A Surreply ....18

i

3.     The District Court's Order Granting
The Preliminary Injunction Complied With
Rule 65(d)(1)(A)'s "State The Reasons" Requirement ...........22

C.     The Arguments Defendants Waived,
And Thus Should Not Be Considered, Are Without Merit.................24

1.     The District Court Did Not Abuse Its
Discretion By Issuing The Injunction When It Issued It ..........25

2.     Defendants' "Status Quo" Argument About
The Scope Of The Injunction Should Be Rejected..................27

3.     The Preliminary Injunction Complies
With Rule 65(d)(1)(B)'s Specificity Requirement ..................29

4.     The Preliminary Injunction Complies With
Rule 65(d)(1)(C)'s "In Reasonable Detail" Requirement ........30

5.     The Preliminary Injunction Complies
With Rule 65(c)'s Security Requirement.................................32

6.     The Preliminary Injunction Does Not Violate Due Process.....32

VIII.  CONCLUSION.................................................................................34

CERTIFICATE OF COMPLIANCE.........................................................35

STATEMENT ON ORAL ARGUMENT .................................................36

STATEMENT OF RELATED CASES .....................................................37

ADDENDUM OF RULES ........................................................................38

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Armstrong v. Brown*,
768 F.3d 975 (9th Cir. 2014) ...................................................... 10, 13

*Bias v. Moynihan*,
508 F.3d 1212 (9th Cir. 2007) .................................................... 16, 25

*Carr v. Allied Waste Sys. of Alameda Cty.*,
419 F. App'x 728 (9th Cir. 2011) .......................................................20

*Ciena Corp. v. Jarrard*,
203 F.3d 312 (4th Cir. 2000) ...........................................................31

*Columbia Pictures Indus., Inc. v. Fung*,
710 F.3d 1020 (9th Cir. 2013) .........................................................30

*Comm. for Idaho's High Desert, Inc. v. Yost*,
92 F.3d 814 (9th Cir. 1996) ........................................................ 21, 22

*Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*,
321 F.3d 878 (9th Cir. 2003) ...........................................................32

*Cruz v. Int'l Collection Corp.*,
673 F.3d 991 (9th Cir. 2012) ...........................................................12

*Danny Kresky Enterprises Corp. v. Magid*,
716 F.2d 206 (3d Cir. 1983) ............................................................10

*Del Webb Communities, Inc. v. Partington*,
652 F.3d 1145 (9th Cir. 2011) .........................................................30

*F.T.C. v. EDebitPay, LLC*,
695 F.3d 938 (9th Cir. 2012) ...........................................................30

*Fid. Nat. Fin., Inc. v. Friedman*,
235 F. App'x 596 (9th Cir. 2007) ......................................................32

*Fortyune v. Am. Multi-Cinema, Inc.*,
364 F.3d 1075 (9th Cir. 2004) ..................................................... 25, 31

iii

*Golden Gate Rest. Ass'n v. City & Cty. of San Francisco*,
   512 F.3d 1112 (9th Cir. 2008) ................................................................28

*Greenwood v. FAA,*
   28 F.3d 971 (9th Cir. 1994) ......................................................... 27, 29

*Hamby v. Hammond*,
   No. C14-5065 RBL-KLS, 2014 WL 4162542 (W.D. Wash. Aug. 21, 2014)......17

*Han v. Stanford Univ.*,
   210 F.3d 1038 (9th Cir. 2000) ................................................................14

*Hunter v. United States*,
   388 F.2d 148 (9th Cir. 1967) .................................................................23

*In re O'Brien*,
   312 F.3d 1135 (9th Cir. 2002) ...............................................................14

*J.H. ex rel. Kirk v. Baldovinosre*,
   583 F. App'x 833 (9th Cir. 2014) ..........................................................10

*Johnson v. Couturier*,
   572 F.3d 1067 (9th Cir. 2009) ...................................................... 25, 34

*Kenneally v. Lungren*,
   967 F.2d 329 (9th Cir. 1992) ........................................................ 16, 17

*Krug v. Lutz*,
   329 F.3d 692 (9th Cir. 2003) .................................................................25

*McCormack v. Hiedeman*,
   694 F.3d 1004 (9th Cir. 2012) ...............................................................25

*Milne v. Hillblom*,
   165 F.3d 733 (9th Cir. 1999) .................................................................33

*Multiquip Inc. v. Water Mgmt. Sys. LLC*,
   No. CV 08-403-S-EJL, 2009 WL 1469003 (D. Idaho May 22, 2009) ...............17

*Negrete v. Allianz Life Ins. Co. of N. Am.*,
   523 F.3d 1091 (9th Cir. 2008) ...............................................................16

*Novato Fire Prot. Dist. v. United States*,
  181 F.3d 1135 (9th Cir. 1999) ............................................................................10

*Oregon Nat. Desert Ass'n v. Vilsack*,
  No. 2:07-CV-01871, 2013 WL 3348428 (D. Or. July 2, 2013) .........................20

*Ossur Holdings, Inc. v. Bellacure, Inc.*,
  No. C05-1552JLR, 2005 WL 3434440 (W.D. Wash. Dec. 14, 2005) .................17

*Robert Ito Farm, Inc. v. Cty. of Maui*,
  No. CIV. 14-00511 SOM, 2015 WL 1279422 (D. Haw. Mar. 19, 2015) ...........17

*S.E.C. v. Platforms Wireless Int'l Corp.*,
  617 F.3d 1072 (9th Cir. 2010) .............................................................................13

*Sailor Music v. Gap Stores, Inc.*,
  668 F.2d 84 (2d Cir. 1981) ..................................................................................31

*Scarff v. Intuit, Inc.*,
  318 F. App'x 483 (9th Cir. 2008) .......................................................... 19, 20, 26

*Stanley v. Univ. of S. California*,
  13 F.3d 1313 (9th Cir. 1994) ..................................................................... 16, 17

*Sullivan v. Dollar Tree Stores, Inc.*,
  623 F.3d 770 (9th Cir. 2010) ..................................................................... 27, 29

*Taylor v. Horizon Distributors, Inc.*,
  398 F. App'x 306 (9th Cir. 2010) .......................................................................20

*Travenia v. Woodland City*,
  No. CIV S-06-2498 MCE GGH PS, 2007 WL 214548 (E.D. Cal. Jan. 26, 2007),
  *report and rec. adopted*, 2007 WL 781654 (E.D. Cal. Mar. 8, 2007) ................17

*U.S. v. Aletra*,
  96 F.3d 1230 (9th Cir. 1996) ...............................................................................15

*U.S. v. Cazares*,
  788 F.3d 956 (9th Cir. 2015),
  *cert. denied*, No. 15-7384, 2016 WL 3369448 (U.S. June 20, 2016) .................31

*Whitaker v. Garcetti*,
  486 F.3d 572 (9th Cir. 2007) ...............................................................................12

**Statutes**

15 U.S.C. § 1121 ...................................................................................2

28 U.S.C. § 1292 ...................................................................................2

28 U.S.C. § 1331 ...................................................................................2

28 U.S.C. § 1338 ...................................................................................2

28 U.S.C. § 1367 ...................................................................................2

**Rules**

D. Or. R. 7-1 ............................................................................... 20, 26

D. Or. R. 7-2 .......................................................................................19

D. Or. R. 10-3 .....................................................................................19

D. Or. R. 16-3 .....................................................................................20

D. Or. R. 29-1 .....................................................................................20

Fed. R. App. P. 4 ..............................................................................3, 12

Fed. R. App. P. 28 ..............................................................................15

Fed. R. App. P. 34 ..............................................................................35

Fed. R. Civ. P. 59 ...............................................................................13

Fed. R. Civ. P. 65 ...................................................................... *passim*

Ninth Circuit Rule 10-3.1 ....................................................................15

Ninth Circuit Rule 28-1 .......................................................................15

Ninth Circuit Rule 28-2.2 ......................................................................2

Ninth Circuit Rule 28-2.5 ....................................................................15

Ninth Circuit Rule 28-2.7 ......................................................................4

Ninth Circuit Rule 28-2.8 ....................................................................14

Ninth Circuit Rule 30-1.4 ........................................................................15

## I.     **INTRODUCTION**

It was undisputed in the district court, and it is indisputable on this appeal, that Defendant Yongqiang Wang breached contracts with his longtime former employer by publishing and using its confidential animal health information, and by hiding a patent he was obligated to assign to it. It was also undisputed below, and it is indisputable on this appeal, that Defendant Yan Zheng, who is Wang's wife, and their business, Defendant Bioshen, participated in the misconduct.

Plaintiffs OmniGen Research, LLC and its parent Prince Agri Products, Inc. demonstrated this misconduct, and the irreparable harm it caused, with compelling evidence in their motion for a preliminary injunction. Seven weeks later, Defendants filed only a ***one-sentence*** response, and presented ***no evidence***. At the motion hearing a month after that, Defendants still presented no merits argument and no evidence, and they made no proffer of evidence, no mention of testimony. The district court then issued the requested preliminary injunction in the form set out in Plaintiffs' motion, with Defendants making no objection and offering no alternative.

Among other things, the injunction prohibits Defendants from further use of Plaintiffs' confidential materials, orders Defendants to return those materials, requires inspection of Defendants' electronic media for verification, and bars Defendants from transferring ownership of the patent.

1

Rather than appeal issues related to their underlying conduct, Defendants challenge the form and scope of the injunction. But Defendants waived these arguments because they did not raise them during briefing or argument on the preliminary injunction motion.

Defendants also argue on appeal that the district court abused its discretion by not allowing Defendants to file another brief and by not holding another hearing. To the extent not waived, these contentions fail because Defendants had ample opportunity to present argument and evidence to the district court, but simply neglected to do so. The district court did not abuse its discretion by enforcing its local rules.

## II.   <u>STATEMENT OF JURISDICTION</u>

Defendants provided a Jurisdictional Statement that does not comply with Ninth Circuit Rule 28-2.2. Plaintiffs offer this corrected statement:

The district court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a)-(b), and 1367, and 15 U.S.C. § 1121.

This Court has appellate jurisdiction over Defendants' interlocutory appeal of the preliminary injunction, 28 U.S.C. § 1292(a). However, to the extent Defendants' brief seeks review of the denial of their motion to reconsider that order, this Court lacks jurisdiction because Defendants' notice of appeal does not designate it for appeal. *See* § VII(A)(1), *infra*.

2

The preliminary injunction was granted and filed May 12, 2016, and entered on May 13, 2016 (not May 24, 2016). S.E.R. 16; E.R. 9.[1] Defendants had 30 days to appeal the injunction. *See* Fed. R. App. P. 4(a)(1)(A). Defendants' notice of appeal, filed June 8, 2016, was timely to appeal the preliminary injunction. E.R. 5-6.

## III.   STATEMENT OF THE ISSUES

The threshold issues are:

1.   Have Defendants waived most arguments on appeal by failing to oppose the motion for preliminary injunction on its merits, and instead waiting until their motion to reconsider (or later) to raise any substantive argument, and then not appealing the denial of that motion?

2.   Should Defendants' appeal be dismissed for failing to cite the excerpts of record and violating numerous other requirements?

Without addressing waiver, the issues Defendants raise are:

1.   Does the preliminary injunction comply with various requirements of Fed. R. Civ. P. 65(c)-(d)?

2.   Does the injunction go "well beyond the status quo?"

---

[1] This brief uses "E.R." to refer to Defendants-Appellants Excerpt Of Record; "S.E.R." to refer to Appellees' Supplemental Excerpts Of Record; and "Op. Br." to refer to Brief Of Defendants-Appellees.

3

      3.      Did the district court err by granting the preliminary injunction without more hearings and briefing?

## IV.   <u>PERTINENT RULES</u>

Defendants do not include a rules addendum. Pursuant to Ninth Circuit Rule 28-2.7, Plaintiffs' Addendum of Rules, below, reproduces pertinent rules from the Fed. R. App. P., Ninth Circuit Rules, Fed. R. Civ. P., and the District of Oregon Local Rules of Civil Procedure ("D. Or. R.").

## V.   <u>STATEMENT OF THE CASE</u>

### A.   <u>Defendants' Misconduct Prior To This Litigation</u>

Plaintiff OmniGen Research, LLC and its parent company Plaintiff Prince Agri Products, Inc. develop and sell animal feed additives. E.R. 23-24. Defendant Wang worked at OmniGen Research from 2005 to 2013, and for Prince Agri in 2013. E.R. 26, 28. Wang had access to Plaintiffs' confidential information. E.R. 26-28. Wang also signed confidentiality and invention assignment agreements with OmniGen Research. E.R. 26-27.

While still at OmniGen Research, Wang set up rival copycat businesses in Oregon (Defendant Bioshen) and China based on confidential information misappropriated from Plaintiffs. E.R. 29-31. His wife, Defendant Zheng, applied for a Chinese patent as a fill-in for Wang on technology closely related to

4

OmniGen Research's, as part of the couple's attempt to evade Wang's obligation to assign developments relating to his work at OmniGen Research. E.R. 31.

In 2014, after Wang quit working for Plaintiffs, he published a scientific paper disclosing OmniGen Research's confidential information and representing it as the work of his new Chinese venture, and promoting a product from that company that has the same ingredients as Plaintiffs' feed additives. E.R. 32, 41-42.

In November 2015, Wang appeared at a scientific conference in China on behalf of Bioshen and his Chinese company, and presented a copyrighted slide lecture stolen and plagiarized from OmniGen Research. E.R. 22, 32-34; S.E.R. 41-60. A version of the slide lecture that includes OmniGen Research's confidential notes was then made available to participants of the conference. E.R. 34. Wang also published a paper that misrepresents OmniGen Research studies as those conducted by his businesses. *Id.*

### B. Plaintiffs' Motion For Preliminary Injunction, Defendants' Response, And The District Court's Order Granting The Injunction

The following timeline shows events, all from 2016, related to Defendants' waiver of most arguments.

| Date (2016) | Event |
|---|---|
| Feb. 17 | Defendants served with complaint and summons. S.E.R. 61-72. |
| Feb. 23 | Defendants served with PI motion. S.E.R. 38-40. |

5

| March 11 | Defendants miss deadline to respond to PI motion. S.E.R. 29. |
|----------|--------------------------------------------------------------|
| March 22 | Defendants' counsel first contacts Plaintiffs. S.E.R. 32. |
| April 6 | Defendants' unopposed motion to extend PI motion response deadline to April 13. S.E.R. 28-29. |
| April 13 | Defendants file one-sentence response to PI motion. E.R. 15. |
| April 21 | Plaintiffs file reply in support of PI motion. S.E.R. 23-27. |
| May 2 | In an order, district court advises parties it will "address" PI motion at Rule 16 conference on May 12. E.R. 14. |
| May 12 | During hearing, district court grants injunction on the record. S.E.R. 16. |
| May 13 | Injunction entered with form and scope from PI motion. E.R. 9-13. |
| May 24 | Defendants file motion to reconsider. S.E.R. 1-10. |
| June 8 | Defendants file appeal notice designating May 12 order. E.R. 5-6. |
| June 14 | Court denies motion to reconsider. E.R. 1. |

Plaintiffs' motion for preliminary injunction includes seven declarations, 33 exhibits, and a 29-page brief. E.R. 16-49; S.E.R. 24. The brief concludes with a section, Specific Injunction Sought, which sets out a 12-pargraph proposed injunction focusing on the return and cessation of use of Plaintiffs' confidential and copyrighted materials. E.R. 46-49.

Although Defendants had nearly two months to file it, their response consists of only one sentence and has no evidence or argument relating to the merits of Plaintiffs' motion. E.R. 15. It does not object to the terms of the proposed

injunction. Instead, Defendants state only that they "oppose" the motion and they demand "a full evidentiary hearing before a jury." *Id.*

In their reply, Plaintiffs state that Defendants were not entitled to an evidentiary hearing, and that the record leaves Plaintiffs' evidence and arguments unrebutted. S.E.R. 24-26.

Several weeks after the reply, on May 12, the district court conducted a hearing on the motion and asked Defendants to address it. S.E.R. 13-16. The district court previously had provided ten days' notice that it would ask Defendants to address the motion then. E.R. 14. During the hearing, Defendants' counsel requested additional time to file another response, but did not make any other argument. He did not (1) argue that a preliminary injunction should not issue, (2) argue that Plaintiffs had not carried their burden to establish that a preliminary injunction should issue, (3) proffer any evidence or argument that could be presented if the district court permitted an additional response brief, (4) proffer any testimony from Wang, who was present, (5) request additional oral argument, (6) request a bond, or (7) object to the scope, specificity, detail, or other terms of the requested injunction. S.E.R. 14-15.

The district court did not grant Defendants' request for additional briefing, and granted the injunction in full, as Plaintiffs had proposed it. S.E.R. 16; E.R. 9-13, 46-49.

7

## VI.  SUMMARY OF ARGUMENT

In their motion for a preliminary injunction, Plaintiffs put forward evidence showing how Defendants brazenly breached their contracts and infringed Plaintiffs' copyright. Defendants did not dispute the evidence. The district court entered a preliminary injunction to put a temporary stop to Defendants' misconduct. Now, on appeal, Defendants do not challenge the basis for the district court's injunction. They do not argue that Plaintiffs failed to demonstrate a likelihood of success on the merits for their claims of breach of contract and copyright infringement. They do not deny their acts, or defend their behavior. They do not argue that their actions are not causing Plaintiffs serious, irreparable harm. They make no claims regarding balancing the equities or the public interest.

Instead, Defendants present mainly argument that they were required to make when opposing the motion. But, in opposition to the motion, Defendants failed to raise any argument or proffer any evidence in their one-sentence response to the motion for preliminary injunction, even though they received an extension to respond. Defendants also failed to do so at a hearing to address the effectively unopposed motion for preliminary injunction. Presented with an overwhelming record of Defendants' liability, the harm they were causing, and no real opposition to either the evidence of misconduct or proposed relief, the district court properly entered the injunction requested by Plaintiffs.

8

Of the three issues Defendants did not waive, none warrants reversal.

First, Defendants made no showing that there were any contested issues of fact or law that could warrant a fuller hearing, let alone an evidentiary hearing. The district court was well within its discretion to deny the request for an evidentiary hearing.

Second, Defendants sought a second extension of time to file a second brief opposing the motion for preliminary injunction. But Defendants did not make that extraordinary request until literally the last minute, at a noticed hearing, when it was obvious that Defendants' single-sentence response demanding an evidentiary hearing and a jury was not going to suffice. Even at the hearing, Defendants did not make an offer of proof or state that they had any witnesses who would testify. The district court was well within its discretion to enforce its local rules and deny Defendants a re-do to file a second response brief, especially when Defendants' default had already delayed the urgent injunctive relief sought by Plaintiffs.

Third, Defendants argue on appeal that the district court did not state its reasons for entering the injunction. But the district court did state its reasons, on the record, at the hearing when it granted the preliminary injunction. Defendants ignore this order altogether when making their argument.

## VII.  **<u>ARGUMENT</u>**

First, this Court should dismiss the appeal without reaching the merits

because Defendants waived most arguments and have not cited the record

anywhere in their brief. Second, the three arguments that Defendants did not waive

do not warrant setting aside the preliminary injunction. Finally, addressing the six

arguments that Defendants waived, and which should not be considered as a result,

none warrants relief.

> ### A.  **The Appeal Should Be Summarily Dismissed Because Defendants Waived <u>Most Arguments And Never Cite The Record</u>**
>
> > #### 1.  **Defendants Waived Most Arguments Because They <u>Should Have Raised Them When The Motion Was Pending</u>**

Defendants waived most of their arguments by not raising them until their

motion for reconsideration, or later. *Novato Fire Prot. Dist. v. United States*, 181

F.3d 1135, 1142 n.6 (9th Cir. 1999); *J.H. ex rel. Kirk v. Baldovinosre*, 583 F.

App'x 833, 834 (9th Cir. 2014) ("failing to raise an issue at the summary judgment

stage, but raising it in a reconsideration motion, waives any right to bring the

argument on appeal"). A party waives arguments about an injunction's validity and

scope by not raising them to the district court. *Armstrong v. Brown*, 768 F.3d 975,

981-82 (9th Cir. 2014); *Danny Kresky Enterprises Corp. v. Magid*, 716 F.2d 206,

214 (3d Cir. 1983) (objection under Rule 65 waived on appeal when "the defect

10

complained of could have been readily corrected had the matter been called to the district court's attention").

The arguments that Defendants waived are:

- No. 1(b) ("Lack of Specificity");

- No. 1(c) ("Lack of Reasonable Detail");

- No. 1(d) ("Lack of Security");

- No. 2 ("The Injunction Goes Far Beyond Maintaining the Status Quo");

- No. 4 ("Due Process of Law"); and

- No. 6 ("Issuance of Injunction at Rule 16 Conference").[2]

Defendants could have and should have, but did not, raise these six issues when they opposed the motion for preliminary injunction. They could have challenged the form and scope of the injunction (Nos. 1(b), 1(c), 2 and 4) in their response to the preliminary injunction motion and also at the May 12 hearing. Plaintiffs provided the form and scope of the injunction to Defendants months in advance. Defendants also could have raised the bond issue (No. 1(d)) in their written response or at the hearing. And they could have objected to the issuance of the injunction at the Rule 16 conference (No. 6) during the conference.

---

[2] The numbering and labels for the arguments are from the table of contents of Defendants' brief. Op. Br. i-ii.

Not enforcing Defendants' waiver would raise appellate jurisdictional issues because Defendants also waived their right to appeal the denial of their motion for reconsideration, which is when they first raised most of the waived issues.[3] Defendants did not designate that order in their notice of appeal,[4] and the deadline to file an amended notice has passed.[5] E.R. 1, 5-6. Under Fed. R. App. P. 4(a)(4)(B)(ii), "to challenge an order disposing" of a motion for reconsideration, a party must specifically designate it for appeal.[6] This requirement is "mandatory and jurisdictional." *Whitaker v. Garcetti*, 486 F.3d 572, 585 (9th Cir. 2007); *see also Cruz v. Int'l Collection Corp.*, 673 F.3d 991, 1001-02 (9th Cir. 2012) (no

---

[3] Defendants argue that *all* issues they raise on appeal are reviewable because they were raised in the motion for reconsideration, and for no other reason. Op. Br. 6, 11, 13, 16, 17, 20.

[4] Defendants' June 8 Preliminary Injunction Appeal states that the appeal is of "an order granting a preliminary injunction entered in this action on the 12th day of May, 2016." E.R. 5. It later alludes to Defendants' motion for reconsideration, which had not yet been decided by the district court. E.R. 6. The notice of appeal cannot be interpreted to designate for appeal the order denying the motion for reconsideration because the June 14 order had not issued by the time of the June 8 notice of appeal.

[5] The order denying the motion to reconsider was entered on June 14. E.R. 1. The 30-day deadline to appeal that order was July 14, which has passed. Fed. R. App. P. 4(a)(1)(A).

[6] Fed. R. App. P. 4(a)(4)(A)(i)-(vi) lists motions controlled by Fed. R. App. P. 4(a)(4)(B)(ii)'s rule. Subpart (iv) is a motion "to alter or amend the judgment under Rule 59." Defendants' motion for reconsideration was "[p]ursuant to Fed. R. Civ. Pro 59(e)." S.E.R. 2.

appellate jurisdiction to review order on motion for reconsideration). As a result, this Court may not consider the denial of Defendants' motion for reconsideration, and thus should not assume that the motion properly raised any issues.[7]

Finally, even in the absence of this jurisdictional impediment, this Court may not exercise discretion to consider the issues Defendants waived because none of the exceptions permitting discretion apply:

> (1) in the **exceptional case** in which review is necessary to prevent a miscarriage of justice or to preserve the integrity of the judicial process, (2) when a new issue arises while appeal is pending because of a **change in the law**, and, (3) when the **issue presented is purely one of law** and either does not depend on the factual record developed below, or the pertinent record has been fully developed.

*Armstrong*, 768 F.3d at 981 (emphasis added). This is not an exceptional case of a miscarriage of justice or damage to the integrity of the judicial process (rather, an injunction has issued to halt undisputed illegal conduct), there has been no change in the law, and the scope and form of the injunction are mixed factual and legal questions, not pure questions of law. *Id.* ("no exception would permit us to

---

[7] The standards for granting a motion for reconsideration under Fed. R. Civ. P. 59(e) are "if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *S.E.C. v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1100 (9th Cir. 2010) (quotations omitted). The standard for reviewing such a motion on appeal is abuse of discretion. *Id.*

consider the mixed factual and legal question of whether the evidence was

sufficient to support the scope of the injunction").

As a result of Defendants' waiver, the only arguments preserved for appeal

are:

- No. 1(a) ("Lack of Reasons");

- No. 3 ("Entitlement to Evidentiary Hearing"); and

- No. 5 ("The Court Erred in Not Granting Additional Time to

  Respond").[8]

### 2. Defendants Never Cite The Excerpts Of Record In Their Brief

Defendants do not cite once to their excerpts of record from the district court

proceedings, which should result in dismissal of Defendants' appeal. *Han v.*

*Stanford Univ.*, 210 F.3d 1038, 1040 (9th Cir. 2000); *see also In re O'Brien*, 312

F.3d 1135, 1136 (9th Cir. 2002) ("failure to comply with Rule 28, by itself, is

sufficient ground to justify dismissal of an appeal," especially where a party

"exhibit[s] complete disregard for the requirements"). Ninth Circuit Rule 28-2.8

states "Every assertion in briefs regarding matters in the record shall be supported

---

[8] Plaintiffs do not argue waiver of these three issues because Defendants requested an evidentiary hearing in their response to the preliminary injunction motion, they requested an additional brief at the preliminary injunction hearing, and they could not have raised the argument that the injunction order must state reasons until the injunction issued.

14

by a reference to the location in the excerpts of record where the matter is to be found." *See also* Fed. R. App. P. 28(a)(6), 28(a)(8)(A), 28(e); Ninth Circuit Rules 28-1(a), 28-2.5. Defendants completely disregard these rules because they fail to include even a single cite to the excerpts of record. Op. Br. 1-21.

Defendants also make numerous assertions of fact not supported by their excerpts of record. For example, the second and third paragraphs of the brief's Statement Of The Case makes assertions about Wang's supposed educational background, teaching job in China, and lectures, but there is no support for any of this anywhere in Defendants' excerpts of record. Op. Br. 3. Defendants also repeatedly cite their motion for reconsideration, and the "Hennagin Declaration," but their excerpts of record contain neither document (and this Court lacks jurisdiction to review the denial of the former). Op. Br. 6, 11, 13, 16, 17, 19, 20. Defendants' excerpts of record also do not include the transcript from the proceeding it appeals, which also violates Ninth Circuit Rule 30-1.4(a)(viii). *Cf. U.S. v. Aletra*, 96 F.3d 1230, 1233-34 (9th Cir. 1996) (failure to designate a transcript can justify dismissal).[9]

---

[9] Defendants also did not file the statement of issues required by Ninth Circuit Rule 10-3.1(a). Defendants also recycle arguments without reviewing them. Their brief's section, The Court Erred In Not Granting Additional Time to Respond, contains text cut-and-paste without proofreading from their motion for reconsideration brief. *Compare* Op. Br. 19-20 *with* S.E.R. 9-10. The argument no longer makes sense. Defendants argue in their appeal brief that they should have until June 9,

### B.      The Arguments That Defendants Did Not Waive Lack Merit

This section addresses the three issues that Defendants did not waive: whether the district court abused its discretion by not conducting an evidentiary hearing, whether the district court abused its discretion by not granting Defendants' request to file another brief, and whether the injunction order "state[s] the reasons" pursuant to Fed. R. Civ. P. 65(d)(1)(A).

**Standards of Review:** The evidentiary hearing and additional brief issues are reviewed for abuse of discretion. *Stanley v. Univ. of S. California*, 13 F.3d 1313, 1326 (9th Cir. 1994); *Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007). The "state the reasons" challenge is reviewed de novo. *Negrete v. Allianz Life Ins. Co. of N. Am.*, 523 F.3d 1091, 1096 (9th Cir. 2008).

### 1.      Defendants Were Not Entitled To An Evidentiary Hearing

The Ninth Circuit does "not indulge a presumption in favor of evidentiary hearings" on motions for a preliminary injunction. *Kenneally v. Lungren*, 967 F.2d 329, 334-35 (9th Cir. 1992); *see also Stanley*, 13 F.3d at 1326 (denying evidentiary

---

2016 to file another brief with the district court, but that date passed almost a month before Defendants filed their appeal brief. Op. Br. 20. Describing a family tragedy, the appeal brief states that "Defendants did not raise this highly personal issue with counsel or the court before now." *Id.* Defendants made this same statement in their motion to reconsider filed more than a month earlier, so it cannot be true now. S.E.R. 9.

hearing request when party did not take advantage of opportunity to submit affidavits). Courts routinely rely on *Kenneally* and *Stanley*.[10]

Defendants argue for exceptions to this rule. Op. Br. 13-16. First, they argue that an evidentiary hearing is required if no other type of hearing takes place or the injunction goes far beyond the status quo. These underlying factual premises are wrong: the injunction does not go far beyond the status quo, *see* § VII(C)(2), *infra,* and it issued during a hearing, *see* § VII(B)(3), *infra*. These also are not recognized exceptions. Defendants point to Ninth Circuit decisions holding that an evidentiary hearing for a preliminary injunction motion was *not* required because those decisions explain that the appealing party in those cases had the "opportunity to be heard" or to "argue the matter." Op. Br. 15. Those cases create no exceptions

---

[10] *See Hamby v. Hammond*, No. C14-5065 RBL-KLS, 2014 WL 4162542, at *6 (W.D. Wash. Aug. 21, 2014) ("Ninth Circuit has rejected any presumption in favor of holding evidentiary hearings"); *Multiquip Inc. v. Water Mgmt. Sys. LLC*, No. CV 08-403-S-EJL, 2009 WL 1469003, at *4 (D. Idaho May 22, 2009) ("hearing is required on motions for TRO or preliminary injunction only if there are contested issues of fact that require credibility determinations"); *Ossur Holdings, Inc. v. Bellacure, Inc.*, No. C05-1552JLR, 2005 WL 3434440, at *4 (W.D. Wash. Dec. 14, 2005) (denying hearing request when parties had opportunity to argue matter); *Robert Ito Farm, Inc. v. Cty. of Maui*, No. CIV. 14-00511 SOM, 2015 WL 1279422, at *3 (D. Haw. Mar. 19, 2015) (denying evidentiary hearing request when non-movants "identify no material disputed facts likely to be resolved in the requested evidentiary hearing"); *Travenia v. Woodland City*, No. CIV S-06-2498 MCE GGH PS, 2007 WL 214548, at *1 n.1 (E.D. Cal. Jan. 26, 2007), *report and rec. adopted*, 2007 WL 781654 (E.D. Cal. Mar. 8, 2007) (denying evidentiary hearing request as "unnecessary where, as here, the parties have had a full opportunity to submit written testimony and to argue the matter").

17

requiring a hearing. Even if they did, none would not apply here because Defendants had the opportunity to argue, to be heard, and to present evidence during the extended briefing period, and they chose not to do so. They also had the opportunity to argue and to be heard at the May 12 hearing before the injunction issued, and again chose not do so.

Defendants also appear to argue that they were entitled to an evidentiary hearing because their counsel argues he arrived at a "highly reasonable" conclusion that they were entitled to an evidentiary hearing. Op. Br. 15. That argument lacks any merit. Procedural requirements are not based on what an attorney thinks should happen. Procedural requirements are governed by the Federal Rules of Civil Procedure, local rules, and specific orders of the district judge. If it were otherwise, the rules would bind only parties who know them and their attorneys would have great incentive to not ascertain them.

### 2. The Court Did Not Abuse Its Discretion By Denying Defendants' Last-Minute Request For A Surreply

The district court did not abuse its discretion by prohibiting further briefing on the preliminary injunction motion, so this Court should reject Defendants' argument that, The Court Erred In Not Granting Additional Time to Respond. Op. Br. 17-20. Defendants had more opportunity than provided by the rules to submit written testimony, documentary evidence, and an argument. They simply elected not to use it. Defendants did not appear, file an opposition, or even contact

18

Plaintiffs by the March 11 deadline for their response. S.E.R. 25, 36. Defendants'
counsel finally contacted Plaintiffs on March 22, and on April 6, Defendants
sought and received an extension until April 13. S.E.R. 28-29, 32; E.R. 56.
Defendants used this renewed opportunity to submit only a perfunctory one-
sentence response.[11] E.R. 15. A month later, on May 12, at a noticed hearing on the
preliminary injunction motion, Defendants still made no argument and did not
proffer evidence. S.E.R. 11-21. They instead only sought leave to file another
brief, and the district court denied that request. S.E.R. 14-16.

The district court's denial was an appropriate exercise of discretion, not an
abuse. A party cannot use intentional delay as a reason to delay entry of a
preliminary injunction, especially when there is a clear showing of irreparable
harm. Nor is a party entitled to take one approach in opposing a motion, only to get
a re-do once that initial approach fails.

Although Defendants characterize their request as one for additional time to
respond, they actually request a surreply. *See Scarff v. Intuit, Inc.*, 318 F. App'x
483, 485–86 (9th Cir. 2008) ("allowing the plaintiffs to present 'further argument'
would be tantamount to permitting the plaintiffs to file a sur-reply"). The district
court's local rules do not ordinarily provide for surreplies. After the initial brief,

---

[11] The local rules permit a 35-page opposition, along with the submission of
declarations, affidavits and documentary evidence. D. Or. R. 7-2(b); D. Or. R. 10-
3.

response, and reply, "[u]nless directed by the Court, no further briefing is allowed." D. Or. R. 7-1(e)(3). When a party misses its deadline for responding, receives additional time for a response, responds, and then requests "a surreply to cure some of the Response's many deficiencies," the request is "untimely and unwarranted." *Oregon Nat. Desert Ass'n v. Vilsack*, No. 2:07-CV-01871, 2013 WL 3348428, at *3 n.2 (D. Or. July 2, 2013). The district court acted within the local rules, and their interpretation, and did not abuse its discretion by not permitting a surreply. *See also Carr v. Allied Waste Sys. of Alameda Cty.*, 419 F. App'x 728 (9th Cir. 2011); *Taylor v. Horizon Distributors, Inc.*, 398 F. App'x 306, 307 (9th Cir. 2010) ("The district court did not abuse its discretion by striking Taylor's surreply."); *Scarff*, 318 F. App'x at 485-86 ("The district court did not abuse its discretion by denying the plaintiffs' motion for leave to file further argument.").[12]

Defendants' four excuses do not lead to a different conclusion. Defendants first complain of "logistical difficulties" because their counsel appeared after Defendants defaulted and because Wang allegedly lives and works in China. Op.

---

[12] Defendants also did not follow the rules for seeking additional time to respond. As the district court ruled when it denied Defendants' request: "If you needed more time on a motion for preliminary injunction, the typical approach is to file with the court a motion for an extension of time to confer with the other side." S.E.R. 16; *see also* D. Or. R. 16-3(a); D. Or. R. 29-1. Defendants did not request an extension from the Court or Plaintiffs prior to the May 12 hearing. S.E.R. 15. And even then, they requested one only after the district court noted the paucity of the record created by Defendants, leaving nothing "other than what has been presented to me by the plaintiffs in the motion." S.E.R. 13-14.

Br. 17. In this age of easy and inexpensive worldwide communication, this is not an adequate excuse, especially when Defendants had already received extra time and did not request any further extension until the district court addressed the preliminary injunction and was inclined to grant it.

Defendants' second excuse is that their counsel did not have an unredacted version of the preliminary injunction motion by the time the May 12 hearing took place. Op. Br. 17-18. Blame falls squarely on Defendants and their counsel. Plaintiffs served each of the three Defendants with unredacted copies by mail on February 23 and filed a detailed certificate of service with the district court. S.E.R. 38-40. Defendants did not claim that their counsel did not have these copies before filing their perfunctory one-sentence response on April 13, or even in advance of the May 12 hearing. S.E.R. 15.

Defendants' third excuse is that their counsel "reasonably believed" that the Federal Rules of Civil Procedure should be interpreted differently. Op. Br. 18. However, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 824 (9th Cir. 1996) ("*Yost*").

Defendants' final excuse is couched as "excusable neglect." Op. Br. 19-20. Their counsel argues that the death of his daughter excuses neglect. While clearly a tragedy, it does not excuse the neglect in this case because it took place January 30,

21

well before counsel was retained and more than two months before counsel

appeared on April 6. Op. Br. 17, 19; S.E.R. 30.

Defendants rely on *Yost* but that case demonstrates the inadequacy of

Defendants' excuses. Op. Br. 19. In *Yost*, a party filed a motion for attorneys' fees

four days late. 92 F.3d at 824. Two weeks later, after it realized its mistake, it filed

a motion to extend time, arguing excusable neglect because its counsel mistook the

deadline. *Id.* The district court denied the motion. *Id.* The party then filed a motion

for reconsideration because its counsel had undergone surgery *during* the time for

filing the fees motion. *Id.* The district court denied that motion, too, and the Ninth

Circuit affirmed both rulings. *Id.* at 825. In this case, Defendants' neglect lasted

over a longer period of time, and the excuse is an event *preceding* retention and

representation in this case. Moreover, counsel is supported by other lawyers. *See*

Aff. Of Counsel, ¶ 5, 9th Cir. ECF No. 2-2.

### 3. The District Court's Order Granting The Preliminary Injunction Complied With Rule 65(d)(1)(A)'s "State The Reasons" Requirement

This is the only argument under Fed. R. Civ. P. 65 that Defendants did not

waive. However, this argument fails because the district court's order granting the

preliminary injunction states why it issued, and therefore complies with Rule

65(d)(1)(A)'s requirement that an injunction order "state the reasons why it

issued." The district court unambiguously granted the injunction during a hearing,

and stated its reasons on the record. S.E.R. 16. Defendants' "state the reasons"
argument acknowledges only the written "injunction proper," which issued
following the hearing, and completely ignores the district court's order, during the
hearing, granting the injunction.[13] Op. Br. 6-8. They also did not include the
transcript in their excerpts of record.

A district court need not include the reasons for an injunction in the
"injunction proper." *Hunter v. United States*, 388 F.2d 148, 155 n.6 (9th Cir.
1967). Rule 65(d)(1)(A) is satisfied if the "order" granting the injunction states the
reasons why it issued. *Id.* ("the assumption that Fed. R. Civ. P. § 65(d) applies to
the injunction itself . . . is mistaken. That rule in terms relates exclusively to the
'order granting an injunction' in its requirement of a statement of 'the reasons for
its issuance.'").

The district court granted the preliminary injunction during a May 12
hearing when Judge McShane stated "I am granting the preliminary injunction."

---

[13] Elsewhere, however, Defendants' brief repeatedly refers to the hearing for which
the transcript was not provided to this Court. Op. Br. 2 ("Should the court have
issued a preliminary injunction during a Rule 16 scheduling conference?"); *id.* at 4
("At a Rule 16 conference on May 24, 2016, [sic] the district court … peremptorily
granted the motion for a preliminary injunction"); *id.* at 6 ("motion for a
preliminary injunction would be heard or decided at the Rule 16 scheduling
conference"); *id.* at 20 ("The court erred when it decided to grant the motion for a
preliminary injunction peremptorily during a Rule 16 scheduling conference.").

S.E.R. 16. Later in the hearing, he stated "at this point the preliminary injunction is

in place[.]" S.E.R. 20.

> This order granting the injunction included the reasons why it issued:

>> What I have is a record that consists solely of what are
>> quite clear declarations and evidence presented by the
>> plaintiff that there has been numerous violations of
>> copyright, patent, and protected information. So at this
>> stage, with the record I have in front of me, I am granting
>> the preliminary injunction in its entirety as laid out by the
>> plaintiffs.

S.E.R. 16.

Defendants do not challenge the actual reasons for the injunction; their

appeal is limited to the contention that the district court's order did not state them.

But the district court did state the reasons why the injunction issued with its order

granting the injunction, Defendants just choose to ignore the order when

convenient, and the district court thus complied with Rule 65(d)(1)(A).

## C. The Arguments Defendants Waived, And Thus Should Not Be Considered, Are Without Merit

Defendants make six arguments that they waived by not raising them while

the preliminary injunction motion was pending. They include an argument about

the district court's procedure for granting the injunction, an argument about the

scope of the injunction, two arguments about the form of the injunction, an

argument about the bond requirement, and a due process argument. This Court

should not reach these arguments, which lack merit in any case.

24

**Standards of Review:** If the Court reviews these issues, the following standards of review apply. The district court's procedure for granting the injunction is reviewed for abuse of discretion. *Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007). The scope of an injunction is reviewed for abuse of discretion. *McCormack v. Hiedeman*, 694 F.3d 1004, 1019 (9th Cir. 2012). When there is a challenge to an injunction's specificity or detail "[i]njunctions are not set aside under Rule 65(d) unless they are so vague that they have no reasonably specific meaning." *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1087 (9th Cir. 2004) (internal quotations omitted). Challenges invoking Rule 65(c)'s security requirement are reviewed for abuse of discretion. *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009). The due process issue is reviewed de novo. *Krug v. Lutz*, 329 F.3d 692, 695 (9th Cir. 2003).

### 1. The District Court Did Not Abuse Its Discretion By Issuing The Injunction When It Issued It

Defendants waived their argument that the district court should not have issued the injunction at a Rule 16 scheduling conference because they did not make this objection at the conference. *See*, § VII(A)(1), *supra*.

On the merits, the district court did not abuse its discretion by granting the injunction at a hearing that also was a Rule 16 scheduling conference. Defendants were not entitled to any type of hearing. The district court's local rules have a

25

procedure for requesting a hearing, and Defendants did not attempt to follow it.[14]

Further, Defendants presented no arguments in their written response to the motion

or at the hearing, so there was no reason to hold further oral argument. *Scarff*, 318

F. App'x at 485-86. ("[o]ral argument . . . is . . . not a chance for a party to respond

to major issues unaddressed in its papers").

In any case, the district court *did* hold oral argument on the motion at the

Rule 16 conference, and provided Defendants *ten days'* notice. On May 2, the

court issued an order: "Rule 16 Conference is set for 5/12/2016 at 2:00PM by

telephone before Judge Michael J. McShane. . . . The parties are advised that Judge

McShane will address plaintiffs' Motion for Preliminary Injunction." E.R. 14. On

May 12, Defendants' counsel argued at this hearing that Defendants were entitled

to more time to file an additional response brief to the motion for preliminary

injunction, but chose not to make further argument. S.E.R. 14-15. And, as set forth

above, the district court was well within its discretion to deny that request to file

another brief.

---

[14] "A party seeking oral argument must include 'Request for Oral Argument' on the last line of the caption to the motion or response." D. Or. R. 7-1(d)(3). Defendants' Response To Motion For Preliminary Injunction did not include "Request for Oral Argument" on the last line of its caption. E.R. 15. The local rules also state that a party "waives oral argument" by "failing to timely file any memorandum or other statement required" by the local rules. D. Or. R. 7-1(d)(4). Defendants did not timely file their opposition to the preliminary injunction motion, and requested and received an extension for it only after the deadline for filing it had passed.

## 2. Defendants' "Status Quo" Argument About The Scope Of The Injunction Should Be Rejected

Defendants have twice waived this argument. As discussed above, they waived it by not making it until their motion for reconsideration. *See* § VII(A)(1), *supra*. On appeal, they waived it again by not adequately and specifically arguing why the injunction is allegedly too broad. To have made this argument, Defendants would have had to demonstrate that the injunction provisions are too broad in light of the irreparable harm Defendants are causing (among other things). Defendants, however, do not even refer to their underlying conduct or its consequences. In some situations, a very narrow injunction could be too broad and, in others, a very broad injunction may be necessary. Context is everything, yet Defendants provide none. Whatever argument Defendants had, they waived. *See Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770, 776 n.3 (9th Cir. 2010) (deeming "argument waived" when plaintiff "asserts summarily that the district court erred by disregarding 'several admissions' made by Dollar Tree" but "does not specify what facts she believes Dollar Tree 'admitted'"); *Greenwood v. FAA,* 28 F.3d 971, 977 (9th Cir. 1994) ("We review only issues which are argued specifically and distinctly in a party's opening brief. We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim . . . .").

On the merits of the few terms mentioned in this portion of Defendants' opening brief, their argument fails for at least two reasons. First, Defendants are

27

mistaken that an injunction that changes the status quo should receive heightened scrutiny. "It must not be thought . . . that there is any particular magic in the phrase 'status quo.' The purpose of a preliminary injunction is always to prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits. . . . If the currently existing status quo itself is causing one of the parties irreparable injury, it is necessary to alter the situation so as to prevent the injury." *Golden Gate Rest. Ass'n v. City & Cty. of San Francisco*, 512 F.3d 1112, 1116 (9th Cir. 2008).

Second, Defendants overstate the degree to which the preliminary injunction alters the status quo. The injunction does not require Defendants to handover their electronic media permanently; they only must do so for purposes of inspection.[15] The injunction's command that Defendants retain and not encumber their patents or patent applications relating to OmniGen Research's business merely preserves Plaintiffs' ability to obtain relief to which they are likely entitled under their agreements with Wang—the assignment of those patent interests to Plaintiffs. "Corrective disclosures" are appropriate and necessary here to counter any

---

[15] That order was necessary in view of the undisputed evidence on the motion for preliminary injunction showing that Wang had retained and Defendants were using proprietary information taken from OmniGen Research—despite Wang's contractual obligation to return those documents and things when his employment terminated. E.R. 26-34.

28

confusion Wang already created by falsely crediting research supporting the efficacy of OmniGen Research's products to his rival Chinese knock-off business. And, preventing the sale of Defendants' real property in the U.S. preserves the status quo at the time the injunction was issued; it does not "go beyond" it.[16]

### 3. The Preliminary Injunction Complies With Rule 65(d)(1)(B)'s Specificity Requirement

Defendants have twice waived their specificity argument under Fed. R. Civ. P. 65(d)(1)(B), first by not presenting it until after the preliminary injunction issued, *see* § VII(A)(1), *supra*, and now again because the argument has no specifics in Defendants' opening brief. Op. Br. 8-9. Defendants contend the injunction "repeatedly enjoins defendants from violating the law, without defining what constitutes a violation," and that the "injunction is too vague to be enforceable." *Id.* at 9. But they do not identify a single, specific provision from the injunction that they challenge on these grounds. By not making their assertion specifically and distinctly, Defendants waived this argument. *See Sullivan*, 623 F.3d at 776 n.3; *Greenwood,* 28 F.3d at 977.

On the merits, Defendants' contentions rely on two incorrect premises. First, the Ninth Circuit does not have a blanket prohibition against "obey the law"

---

[16] That provision is justified because Defendants are citizens of China, Wang "lives and works in China," Defendants initially defaulted, and there is risk that U.S. assets otherwise could dissipate before a judgment could be satisfied. Op. Br. 17; S.E.R. 36.

injunctions: "we have not adopted a rule against 'obey the law' injunctions per se."
*F.T.C. v. EDebitPay, LLC*, 695 F.3d 938, 944 (9th Cir. 2012). Second, the
preliminary injunction is not an "obey the law" injunction. Nowhere does the
injunction state that Defendants should simply "obey the law," or the equivalent.
E.R. 10-13. It instead bars only specific violations of Plaintiffs' rights. *Id.*[17]

### 4. The Preliminary Injunction Complies With Rule 65(d)(1)(C)'s "In Reasonable Detail" Requirement

Defendants also have twice waived their "reasonable detail" argument under
Fed. R. Civ. P. 65(d)(1)(C). Op. Br. 10. Defendants waived this argument both
when they did not present argument in the district court against Plaintiffs'
proposed injunction, *see* § VII(A)(1), *supra*, and on appeal by not citing any cases
in support of their argument to this Court. *See U.S. v. Cazares*, 788 F.3d 956, 983
(9th Cir. 2015) ("The failure to cite to valid legal authority waives a claim for

---

[17] The two Ninth Circuit cases cited by Defendants are not on point. *Del Webb
Communities, Inc. v. Partington*, 652 F.3d 1145 (9th Cir. 2011); *Columbia Pictures
Indus., Inc. v. Fung*, 710 F.3d 1020 (9th Cir. 2013). In *Del Webb*, a portion of an
injunction prohibiting "soliciting and/or performing residential inspections and/or
providing inspection reports . . . by means of illegal, unlicensed and false
practices" was determined to be too vague. 652 F.3d at 1148. In *Fung,* an
injunction prohibiting a party from using terms "widely known to be associated
with copyright infringement" was too vague because "no one reading this
injunction can tell what it means for a term to be 'widely known to be associated
with copyright infringement.'" 710 F.3d at 1048. However, in the preliminary
injunction here, nothing remotely resembles a blanket ban of illegal practices or
uses of terms "associated" with infringement.

appellate review."), *cert. denied*, No. 15-7384, 2016 WL 3369448 (U.S. June 20, 2016).

On the merits, the two injunction provisions that Defendants identify provide reasonable detail. They are prohibitions on use and retention of Plaintiffs' "copyrighted materials" and "confidential information or trade secrets" (which are in paragraphs 1 and 4 of the injunction). E.R. 10-12. Neither of these provisions are "so vague that they have no reasonably specific meaning." *Fortyune*, 364 F.3d at 1087; *Sailor Music v. Gap Stores, Inc.*, 668 F.2d 84, 86 (2d Cir. 1981) (upholding injunction prohibiting infringement of a party's copyrighted "musical compositions"); *Ciena Corp. v. Jarrard*, 203 F.3d 312, 322 (4th Cir. 2000) ("We find no merit in Jarrard's contention that 'concepts' such as 'trade secrets' . . . are so ambiguous or unreasonably broad as to violate the Rule."). Further, the preliminary injunction does not require Defendants to parse what constitutes Plaintiffs' trade secrets, because Defendants may not use *any* of Plaintiffs' "confidential information," whether or not it is a trade secret. E.R. 10-11. Wang also previously has contractually agreed to this prohibition, and these same contracts provide "full rights to injunctive relief" in "the event of breach." E.R. 26-27.

### 5. The Preliminary Injunction Complies With Rule 65(c)'s Security Requirement

Defendants waived their bond requirement argument, Op. Br. 10-11, by not making it before the injunction issued. *See Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 882-83 (9th Cir. 2003); *Fid. Nat. Fin., Inc. v. Friedman*, 235 F. App'x 596, 598 (9th Cir. 2007) ("the court did not err in issuing the preliminary injunction without requiring Fidelity to post a bond because Defendants did not request a bond until after the injunction issued"). Defendants did not request or argue for a bond in their opposition to the preliminary injunction motion, at the hearing when the injunction was granted, or even in their motion for reconsideration (even though Defendants' appeal brief incorrectly claims otherwise (Op. Br. 6)). E.R. 15; S.E.R. 1-21.

On the merits, a district court has "wide discretion" in setting the bond, and "the bond amount may be zero if there is no evidence the party will suffer damages from the injunction." *Conn. Gen. Life Ins. Co.,* 321 F.3d at 882. Defendants have presented no evidence that they would suffer damages from the injunction. The district court therefore did not abuse its discretion by not requiring a bond.

### 6. The Preliminary Injunction Does Not Violate Due Process

Defendants have twice waived their cursory due process argument. Op. Br. 16-17. Defendants first waived the due process argument by not raising it before the district court granted the preliminary injunction. Defendants again waived their

argument on appeal by not presenting argument or legal authority in support of their claim. *Milne v. Hillblom*, 165 F.3d 733, 736 n.6 (9th Cir. 1999) (due process argument waived when appellant "fails to present any argument or pertinent authority to support this claim").

On the merits, Defendants misstate an important fact. They argue that the preliminary injunction issued "without a hearing." Op. Br. 17. In fact, the preliminary injunction order issued during a May 12 conference, *see* § VII(B)(3), *supra*, as Defendants acknowledge repeatedly in their brief. Op. Br. 2, 4, 6, 16, 20, 21. Defendants also had notice of the hearing because the district court had informed them ten days earlier that it would address the motion then. E.R. 14.

Finally, the terms of the injunction identified by Defendants do not raise substantive or procedural due process concerns. Defendants had full and fair opportunity to present written evidence and argument via counsel within the requirements of the Federal Rules of Civil Procedure and the local rules of the district court. Their declining to avail themselves of available procedures is not a denial of due process. There also are no substantive due process concerns about the injunction terms Defendants identify, and Defendants identify no case law or other authority to support any such argument. The required production of electronic media for "purposes of verifying that they do not contain Plaintiffs' confidential and/or copyrighted materials" was akin to a discovery order. And the order

33

temporarily preventing Defendants from selling or encumbering real property was not a "taking" and does not deprive them of that property; it is a permissible asset freeze to prevent the likely dissipation of assets. *Johnson*, 572 F.3d at 1085.

## VIII. CONCLUSION

This Court should affirm the preliminary injunction ordered by the district court.

DATED August 3, 2016

Respectfully submitted,

By: *s/ Klaus H. Hamm*
    **Klaus H. Hamm, OSB# 091730**
    Email: klaus.hamm@klarquist.com
    **Scott E. Davis, OSB# 022883**
    Email: scott.davis@klarquist.com
    KLARQUIST SPARKMAN, LLP
    121 S.W. Salmon St., Ste. 1600
    Portland, Oregon 97204
    Telephone: (503) 595-5300
    Facsimile: (503) 595-5301

    *Attorneys for Plaintiffs-Appellees*
    OMNIGEN RESEARCH, LLC
    AND PRINCE AGRI PRODUCTS, INC.

**Form 8.      Certificate of Compliance Pursuant to 9th Circuit Rules 29-2(c)(2) and (3), 32-2 or 32-4[1] for Case Number** <u>16-35471</u>

Note: This form must be signed by the attorney or unrepresented litigant *and attached to the end of the brief.*

I certify that (check appropriate option):

☒ This brief complies with the length limits permitted by Ninth Circuit Rule 32-2(b). The brief is <u>8,110</u> words or [_____] pages, excluding the portions exempted by Fed. R. App. P. 32(a)(7)(B)(iii), if applicable, and is filed by (1)☐ separately represented parties; (2)☐ a party or parties filing a single brief in response to multiple briefs; or (3)☐ a party or parties filing a single brief in response to a longer joint brief filed under Rule 32-2(b). The brief's type size and type face comply with Fed. R. App. P. 32(a)(5) and (6).

☐ This brief complies with the longer length limit authorized by court order dated [_____]. The brief's type size and type face comply with Fed. R. App. P. 32(a)(5) and (6).  This brief is [_____] words or [_____] pages, excluding the portions exempted by Fed. R. App. P. 32(a)(7)(B)(iii), if applicable.

☐ This brief is accompanied by a motion for leave to file a longer brief pursuant to Circuit Rule 32-2(a) and is [_____] words or [_____] pages, excluding the portions exempted by Fed. R. App. P. 32(a)(7)(B)(iii), if applicable. The brief's type size and type face comply with Fed. R .App. P. 32(a)(5) and (6).

☐ This brief is accompanied by a motion for leave to file a longer brief pursuant to Circuit Rule 29-2(c)(2) or (3) and is [_____] words or [_____] pages, excluding the portions exempted by Fed. R. App. P. 32(a)(7)(B)(iii), if applicable. The brief's type size and type face comply with Fed. R .App. P. 32(a)(5) and (6).

☐ This brief complies with the length limits set forth at Ninth Circuit Rule 32-4. The brief is [_____] words or [_____] pages, excluding the portions exempted by Fed. R. App. P. 32(a)(7)(B)(iii), if applicable. The brief's type size and type face comply with Fed. R. App. P. 32(a)(5) and (6).

| Signature of Attorney or Unrepresented Litigant | | Date | |
|---|---|---|---|

("s/" plus typed name is acceptable for electronically-filed documents)

---

[1] If filing a brief that falls within the length limitations set forth at Fed. R. App. P. 32(a)(7)(B), use Form 6, Federal Rules of Appellate Procedure.

*(Rev.7/1/16)*

## STATEMENT ON ORAL ARGUMENT

Under Federal Rule of Appellate Procedure 34(a)(2), this "appeal is frivolous," the "dispositive issue[s] . . . ha[ve] been authoritatively decided," and the "legal arguments are adequately presented in the briefs and record." Therefore, Plaintiffs do not believe that oral argument is necessary.

By: *s/ Klaus H. Hamm*
**Klaus H. Hamm, OSB# 091730**
Email: klaus.hamm@klarquist.com
**Scott E. Davis, OSB# 022883**
Email: scott.davis@klarquist.com
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon St., Ste. 1600
Portland, Oregon 97204
Telephone: (503) 595-5300
Facsimile: (503) 595-5301

*Attorneys for Plaintiffs-Appellees*
OMNIGEN RESEARCH, LLC
AND PRINCE AGRI PRODUCTS, INC.

## <u>STATEMENT OF RELATED CASES</u>

As far as the undersigned is aware, there are no related cases pending before this Court.

By: <u>*s/ Klaus H. Hamm*</u>

**Klaus H. Hamm, OSB# 091730**
Email: klaus.hamm@klarquist.com
**Scott E. Davis, OSB# 022883**
Email: scott.davis@klarquist.com
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon St., Ste. 1600
Portland, Oregon 97204
Telephone: (503) 595-5300
Facsimile: (503) 595-5301

*Attorneys for Plaintiffs-Appellees*
OMNIGEN RESEARCH, LLC
AND PRINCE AGRI PRODUCTS, INC.